CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 29 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JACQUELINE L. GRAY, | )<br>) Civil Action No. 5:10CV00056 |
| Plaintiff, | )<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| MICHAEL J. ASTRUE, Commissioner of<br>Social Security, | )<br>) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for disabled widow's insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 402(e). Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g).

As reflected by the memoranda and argument submitted by the parties, the issue before this court is whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Jacqueline L. Gray, was born on April 22, 1955, and eventually completed the tenth grade in school. Mrs. Gray has worked as a bookkeeper, secretary, and cashier. She last worked on a regular basis in 1998. On March 9, 2006, Mrs. Gray filed an application for disabled widow's insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on November 1, 2004 due to diabetes, neuropathy in her lower extremities, high blood

pressure, depression, and anxiety. Plaintiff now alleges that she has remained disabled to the present time. The record reveals that, in order to qualify for disabled widow's insurance benefits, Mrs. Gray must have established that she was disabled on or before May 31, 2005, the end of the seventh year following the month in which her husband died. See 42 U.S.C. § 402(e)(4).

Mrs. Gray's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated February 28, 2008, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that, on and before May 1, 2005, Mrs. Gray suffered from diabetes, obesity, hyperlipidemia, and hypertension. He also noted treatment for depression and anxiety. Manifestations of plaintiff's diabetes were said to include some peripheral neuropathy, as well as edema of the lower extremities. The Law Judge noted no evidence of end organ damage. Because of her impairments, and given the passage of time, the Law Judge assumed that Mrs. Gray was disabled for her past relevant work roles. However, the Law Judge found that, at all relevant times, plaintiff retained sufficient functional capacity for light work activity except for jobs involving climbing ladders, ropes, or scaffolds. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that plaintiff retained sufficient functional capacity to perform several specific light work roles at all relevant times on or before May 31, 2005. Accordingly, the Law Judge ultimately concluded that Mrs. Gray was not disabled, and that she is not entitled to disabled widow's insurance benefits. See gen., 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security

Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Gray has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that there is substantial evidence to support the Commissioner's determination that Mrs. Gray did not become disabled during the period of time required for establishment of entitlement to disabled widow's insurance benefits. The court recognizes that the medical record strongly suggests that plaintiff has now become disabled for all forms of substantial gainful employment, given the progression of her diabetes, as well as onset of additional medical problems which were not present on or before May 31, 2005. However, as to the period during which plaintiff might establish disability onset for purposes of entitlement to disabled widow's insurance benefits, the court must agree that the medical record does not establish the presence of physical or emotional impairments of disabling severity. Simply stated, plaintiff's hyperlipidemia and hypertension, while troubling, do not appear to have affected her capacity for work at any time during this earlier period. Although Mrs. Gray definitely suffered from diabetes, it would appear that this condition was subject to reasonable medical control

on and before May 31, 2005. There is no indication that plaintiff's peripheral neuropathy had progressed to disabling proportion during the prescribed period. Moreover, while she did experience swelling in her feet, the record suggests that this condition was not constant during the earlier period. No doctor suggested that Mrs. Gray was disabled on or before May 31, 2005. Indeed, during those earlier years, it seems that plaintiff functioned reasonably well. While she did experience depression with anxiety, the record documenting treatment of these nonexertional conditions indicates that her symptoms were reasonably controlled through administration of routine medications. In short, the court must agree that the evidence supports the Law Judge's finding that plaintiff was not disabled for all forms of work at any time on or before May 31, 2005. It follows that the final decision of the Commissioner denying entitlement to disabled widow's insurance benefits must be affirmed.

As noted above, the later medical evidence indicates that plaintiff's diabetes has worsened, and that her symptoms have proven less amenable to treatment. Mrs. Gray has also developed new musculoskeletal impairments which were not present during the earlier period. Her obesity has worsened. One of plaintiff's doctors has suggested that Mrs. Gray is now unable to work "due to multiple chronic medical issues, which are currently not symptomatically well controlled." (TR 377). However, the simple fact is that plaintiff's current medical condition cannot be related back to the period in which she might still have established disability onset for purposes of disabled widow's insurance benefits. Indeed, the medical record strongly suggests a progressive worsening of Mrs. Gray's overall medical status. In such circumstances, the court must conclude that the Law Judge's decision is reasonable, and that the Law Judge's findings are supported by the contemporaneous medical evidence.

On appeal to this court, plaintiff challenges the Law Judge's reliance on the testimony of the vocational expert in determining that she could perform specific work roles on and before May 31, 2005, despite her diabetes and other complications. Specifically, Mrs. Gray notes that, despite the Law Judge's finding that she suffered from depression and anxiety during the relevant period, the Law Judge did not include any restrictions associated with depression and anxiety in the hypothetical question posed to the vocational expert.

In a memorandum in support of his motion for summary judgment, the Commissioner argues that the medical evidence documenting plaintiff's depression and anxiety does not suggest that she experienced any specific limitations associated with these conditions prior to May 31, 2005. The Commissioner notes that two non-examining state agency psychologists reviewed plaintiff's medical records and determined that she experienced no more than mild restrictions in terms of specific work-related functions during the period of time adjudicated by the Administrative Law Judge. Furthermore, on two occasions in 2007, plaintiff's GAF was said to be in the 70s.[1] (TR 318, 326). Even as it was, in questioning the vocational expert, the Law Judge contemplated entry level categories of jobs for Mrs. Gray, in which emotional lability could be expected to be less relevant. (TR 47). In short, the court is unable to identify any deficiency in the Law Judge's consideration of plaintiff's nonexertional impairments, or in the Law Judge's treatment of the vocational issues.

---

[1]The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score between 61 and 70 represents only some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well, with some meaningful interpersonal relationships. With a GAF score between 71 and 80, if symptoms are present, they are transient and expectable reactions to psychosocial stressors, with no more than a slight impairment in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

Plaintiff also argues that some of the medical evidence now of record was not available for the Law Judge's consideration. Plaintiff submits that the case should be remanded to the Law Judge so that all the evidence can be considered by one factfinder. It is true that much of the later medical evidence in the case was submitted by plaintiff directly to the Appeals Council in connection with plaintiff's request for review of the Administrative Law Judge's decision. It is also true that this court has sometimes held that it is necessary to remand a case to the Commissioner for further consideration when the Appeals Council fails to give reasons for concluding that new evidence submitted directly to the Appeals Council is not such as to necessitate further consideration by a Law Judge. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D.Va. 1998). In the instant case, the Appeals Council gave absolutely no reason for concluding that the new medical reports were not such as to justify further consideration. However, in Alexander, the court noted that remand is sometimes unnecessary when it is clear upon review of such "interim" evidence that the Commissioner's underlying decision is, or is not, supported by substantial evidence. 14 F. Supp. 2d at 844 n.3.

In the instant case, the court does not believe that the new evidence submitted to the Appeals Council is such as to require additional consideration by the Law Judge. As noted above, much of the later evidence is descriptive of plaintiff's condition, and the progression of her impairments, during a period of time well after May 31, 2005. There is simply no reason to believe that Mrs. Gray suffered impairments of similar severity prior to May 31, 2005. Indeed, the medical records which were generated during that earlier period strongly suggest that the manifestations of her diabetes were not as severe during that earlier time, and that her symptoms were more easily controlled through routine medical measures. The court believes that the Administrative Law Judge gave Mrs.

Gray the benefit of the doubt in concluding that she was limited to light exertional activity during the critical period. The Law Judge properly considered testimony from the vocational expert in concluding that there were specific light work roles existing in significant number in the national economy which plaintiff could have been expected to perform, despite her diabetes, obesity, and emotional dysfunction. The court concludes that the Law Judge properly relied upon the vocational expert's testimony, and that there is nothing in the later medical evidence which would undercut the reasonableness of the Law Judge's assessment. The court concludes that there is no cause for remand of this case to the Commissioner for further development. See Alexander v. Apfel, supra.

For the reasons stated, the court concludes that the final decision of the Commissioner must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mrs. Gray was free of all symptoms of her diabetes prior to May 31, 2005. Indeed, the medical record indicates that plaintiff had already begun to suffer from troubling neuropathy and edema during the earlier period. However, it must again be noted that the doctors who were treating plaintiff during that time were of the opinion that her manifestations could be controlled through appropriate medication and therapy. No doctor has suggested that plaintiff was totally disabled on or before May 31, 2005. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). As noted above, it appears to the court that the Administrative Law Judge gave plaintiff the benefit of the doubt in assessing the extent of her physical and emotional limitations during the critical period. It follows that all facets of the Commissioner's final decision in this case are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 29th day of December, 2010.

_____
CHIEF UNITED STATES DISTRICT JUDGE